UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| Leslie Semack,<br>    *Plaintiff,*<br>    *v.*<br>35 Hamden Hills Drive, LLC,<br>    *Defendant.* | Civil No. 3:12cv1057 (JBA)<br><br>January 30, 2013 |

**RULING ON PLAINTIFF'S MOTION TO REMAND**

Plaintiff Leslie Semack filed this personal injury suit against Defendant 35 Hamden Hills Drive Hamden, LLC in the Connecticut Superior Court, Judicial District of New Haven, and served Defendant on June 26, 2012. (Notice of Removal [Doc. # 1] ¶ 1.) On July 18, 2012, Defendant removed [Doc. # 1] the suit pursuant to 28 U.S.C. § 1441, on the grounds that this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). (*Id.* ¶ 2.) Plaintiff timely moves [Doc. # 12] to remand pursuant to 28 U.S.C. § 1447(c), arguing that Defendant has failed to show that the amount in controversy exceeds $75,000 and that there is complete diversity of citizenship among the parties. For the reasons that follow, Plaintiff's motion to remand to state court is denied.

**I.     Factual Allegations**

Plaintiff, a citizen of Connecticut, filed the instant personal injury suit against Defendant after tripping on the sidewalk of a building owned by Defendant. (Compl. [Doc. # 1-2] ¶ 5.) Alleging a spinal injury, shoulder tear, and broken arm (*id.* at ¶ 7), Plaintiff demands damages exceeding $15,000 (*id.* at 5).

Defendant is a limited liability company. (Notice of Removal ¶ 2(b).) The sole member of Defendant is Benchmark Investments X, LLC. (*Id.*) The sole members of Benchmark Investments X, LLC are Health Care REIT, Inc. and B-X Capital, LLC (*id.*). The sole member of B-X Capital, LLC is BSL Managers Fund, LLC. (Pet. for Removal [Doc. # 1-4].) The sole members of BSL Managers Fund, LLC are an individual residing in Massachusetts and Benchmark Assisted Living, LLC. (*Id.*) The sole member of Benchmark Assisted Living, LLC is "an individual residing in Massachusetts." (*Id.*) The "individual residing in Massachusetts" referenced in Defendant's Notice of Removal is Thomas H. Grape, who has been domiciled in Massachusetts for the last ten years. (*See* Resp. to Order to Show Cause [Doc. # 19] ¶ 2.)

After receiving Plaintiff's Motion to Remand, Defendant offered to assent to remand in exchange for Plaintiff agreeing to cap damages at $75,000. (Aug. 17, 2012 Letter [Doc. # 15-1].) Plaintiff has not replied or otherwise stipulated that damages will be capped at $75,000. (Def.'s Opp'n ¶ 5.)

## II.  Discussion

Where jurisdiction is based upon diversity of citizenship, the defendant must show that the plaintiff and the defendant are citizens of different states and that the amount in controversy is in excess of $75,000. 28 U.S.C. § 1332(a)(1). A district court must remand a case "if at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c). The party asserting federal jurisdiction has the burden of proving the case is properly before the federal court.

*United Food & Commercial Workers Union v. CenterMark Prop. Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994). "When jurisdictional facts are challenged, the party asserting jurisdiction must support those facts with 'competent proof' and 'justify its allegations by a preponderance of the evidence.'" *United*, 30 F.3d at 305 (quoting *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)).

Plaintiff argues that Defendant has failed to prove that the amount in controversy exceeds $75,000 or that complete diversity of citizenship exists (Pl.'s Mem. [Doc. # 13] at 1), and that therefore this case should be remanded to state court.

A.   **Amount in Controversy**

The party invoking subject matter jurisdiction "has the burden of proving that it appears to a 'reasonable probability' that the claim is in excess of the statutory jurisdictional amount." *Tongkook America, Inc. v. Shipton Sportswear Co.*, 14 F.3d 781, 784 (2d Cir. 1994). A bare assertion of amount in controversy is insufficient to establish subject matter jurisdiction based on diversity of citizenship. *Fallstrom v. L.K. Comstock & Co., Inc.*, No. 3:99cv952 (AHN), 1999 WL 608835, at *2 (D. Conn. July 13, 1999) (granting remand where defendant offers no "credible argument, rationale or evidence of any kind to support its assertion that the actual amount in controversy exceeds $75,000," despite Connecticut law requiring that the complaint state only that the amount in controversy exceeds $15,000). When the amount in controversy is disputed, "the sum claimed by plaintiff controls if the claim is apparently made in good faith." *Yong Qin Luo v. Mikel*, 625 F.3d 772, 775 (2d Cir. 2010). However, if the pleadings are inconclusive,

"the courts may look to documents outside the pleadings to other evidence in the record to determine the amount in controversy." *Id.*

A court may properly consider whether the plaintiff stipulates to a maximum amount of damages and "whether plaintiff's alleged injuries have yielded awards in excess of $75,000 in other actions." *Bercy v. American Airlines, Inc.*, No. 09cv1750 (ALC), 2011 WL 2490716, at *2 (E.D.N.Y. June 22, 2011); *see also*, *Felipe v. Target Corp.*, 572 F. Supp. 2d 455, 459 (S.D.N.Y. 2008) (denying remand where plaintiff failed to respond to an offer to limit personal injury damages to $75,000 or less, which "weighs against any 'good faith' contention that she may have that her damages are less than $75,000"); *Quinones v. Nat'l Amusements, Inc.*, No. 07cv663 (MHD), 2007 WL 1522621, at *2 (S.D.N.Y. May 21, 2007) (denying remand and finding the amount in controversy requirement satisfied, looking to damages awarded in other actions alleging similar injuries).

Plaintiff argues that Defendant has not met its burden to establish that the amount in controversy exceeds $75,000 because it did not prove to a reasonable certainty that damages would exceed $75,000. (Pl.'s Mem. at 2.) Since the Complaint is inconclusive as to the amount of damages (*see* Compl. at 5 (stating only that damages exceed $15,000)), it is proper to look to documents outside the pleadings, *Luo*, 625 F.3d at 775. Defendant has not merely asserted that the amount in controversy is met; rather, Defendant specifically cites to Plaintiff's failure to respond to its offer to cap damages at $75,000 (Def.'s Opp'n ¶ 8), and to damages awards that exceed $75,000 in other personal injury actions in Connecticut where the plaintiff alleged similar injuries (*see* Ex. 2 to *id.*). As

4

such, Defendant has met its burden to offer "competent proof" that the amount in controversy exceeds $75,000 to a "reasonable certainty."

### B. Diverse Parties

Citizenship of an unincorporated entity, for diversity purposes, is determined not by the unincorporated entity's principal place of business, but rather "depends on the citizenship of 'all the members.'" *Andreoni v. Forest City Enterprises, Inc.*, 660 F. Supp. 2d 254, 259 (D. Conn. 2009) (quoting *Carden v. Arkoma Assoc.*, 494 U.S. 185, 195 (1990)). "This principle applies with full force to a limited liability company," *Andreoni*, 660 F. Supp. 2d at 256, because a limited liability company is not a corporation. *Id.* at 257 n.5; *see also Handelsman v. Bedford Vill. Assoc. Ltd. P'ship*, 213 F.3d 48, 51–52 (2d Cir. 2000). Thus, because Defendant is a limited liability company, the citizenship of all of its members determines whether diversity of citizenship exists. *See Andreoni*, 660 F. Supp. 2d at 256. Defendant has one corporate member, Health Care REIT, Inc., and one individual member, Mr. Grape. Therefore, if there is perfect diversity among these two members and Plaintiff, the Court has jurisdiction over this case.

"An individual's citizenship, within the meaning of the diversity statute, is determined by his domicile." *Palazzo ex rel Delmage v. Corio*, 232 F.3d 38, 42 (2d Cir. 2000). "Domicile is the place where a person has his true fixed home and principal establishment, and to which, whenever he is absent, he has the intention of returning." *Id.* (quoting *Linardos v. Fortuna*, 157 F.3d 945, 948 (2d Cir. 1998)). In its response to the Court's Order to Show Cause, Defendant alleges that Mr. Grape has been domiciled in

Massachusetts for the past ten years, that he lives in a custom–built home with his wife in Weston, Massachusetts, and that he is an involved member of the Massachusetts business community.  (*See* Resp. to Order to Show Cause ¶ 2.)  Thus, Defendant has alleged sufficient facts to establish that its sole individual member is a citizen of Massachusetts.

"A corporation has dual citizenship for purposes of a federal court's diversity jurisdiction under 28 U.S.C. § 1332; namely, it is a citizen of the state of its incorporation and the state where it has its principal place of business." *In re Balfour MacLaine Intern. Ltd.*, 85 F.3d 68, 76 (2d Cir. 1996).  A corporation's principal place of business is "the place where the corporation's high level officers direct, control and coordinate the corporations activities."  *Hertz Corp. v. Friend*, 559 U.S. 77 (2010).  Health Care REIT, Inc. is incorporated in Delaware (Ibele Aff. [Doc. # 15–3] ¶ 2), and its officers direct, control and coordinate its activities from its corporate headquarters in Ohio (*see id.* ¶ 6).  Thus, Defendant has alleged sufficient facts to establish that its sole corporate member is a citizen of Delaware and Ohio.  Because Defendant is a citizen of Massachusetts, Delaware, and Ohio, and Plaintiff is a citizen of Connecticut, complete diversity exists in this case.

**III.     Conclusion**

For the foregoing reasons, Plaintiff's Motion [Doc. # 12] to Remand to State Court is DENIED.

IT IS SO ORDERED.

_____/s/_____
Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut this 30th day of January, 2013.